# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| GONZALO GALVAN-GARCIA, ) | | |
| ID # 30877-177, ) | | |
| Movant, ) | No. 3:15-CV-2286-G-BH | |
| vs. ) | No. 3:13-CR-101-G-BH | |
| ) | | |
| UNITED STATES OF AMERICA, ) | | |
| Respondent. ) | Referred to U.S. Magistrate Judge | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to an order of reference dated April 28, 2016 (doc. 7), this habeas case was referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received July 10, 2015 (doc. 1 at 7), should be **DENIED** with prejudice.

## I. BACKGROUND

Gonzalo Galvan-Garcia (Movant) challenges his federal conviction and sentence in Cause No. 3:13-CR-101-G. The respondent is the United States of America (Government).

On March 19, 2013, Movant was charged by indictment with illegal reentry after removal from the United States in violation of 8 U.S.C. § 1326)a), (b)(2). (*See* doc. 1.)[1]

**A.** **Plea and Sentencing**

Movant pled guilty to the indictment on August 21, 2013. (*See* doc. 36 at 7.) On November 15, 2013, the United States Probation Office (USPO) filed a Presentence Report (PSR) that applied the 2013 United States Sentencing Guidelines Manual (USSG). (doc. 23-1 at 5, ¶ 17.) The base offense level was 8, and sixteen offense levels were added because Movant was previously deported or unlawfully remained in the United States after a conviction for a felony that was a crime of

---

[1] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:13-CR-100-N.

violence. (*See id.*, ¶¶ 18,19.) Two levels were deducted for acceptance of responsibility, resulting in a total offense level of 22. (See id., ¶¶ 25-26.) With a criminal history category of was five, the resulting guideline range was 77-96 months. (*See id.* at 9, ¶ 35; 11, ¶ 53.) The PSR noted that Movant's four children are United States citizens. (*See id.* at 10, ¶ 42.)

At the sentencing hearing on April 16, 2014, the government moved for another one level deduction for acceptance of responsibility, which resulted in an offense level of 21 and a guideline range of 70-87 months. (*See* doc. 37 at 3.) Defense counsel pointed out that Movant had children and argued for a downward variance to a sentencing range of 37-46 months of imprisonment or, alternatively, for a sentence close to the 57-month sentence he received for his first illegal reentry conviction. (*See id.* at 6-8.) Movant was sentenced to 70 months' imprisonment. (*See* docs. 29 at 2, 37 at 9.) The judgment was affirmed on appeal. (*See* doc. 38; *United States v. Galvan-Garcia*, No. 14-10520 (5th Cir. Jan. 6, 2015)).

**B.     Substantive Claims**

Movant argues that he should be granted a downward variance and his sentence should be reduced to time-served because (1) he voluntarily waived his removal rights; (2) he is a deportable alien and is ineligible for some prison programs; and (3) he faces severe collateral consequences. (3:15-CV-2286-G, doc. 1 at 3-5, 10.) The Government filed a response to the § 2255 motion on September 14, 2015. (*Id.*, doc. 5.)

## II.  SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir.

1996) (citations and internal quotation marks omitted). It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)). Section 2255 habeas relief is limited to grounds of constitutional or jurisdictional magnitude and for non-constitutional errors that "could not have been raised on direct appeal and, would, if condoned, result in a complete miscarriage of justice." *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

### III. REDUCTION OF SENTENCE

Movant asks for a downward variance and a reduction of his sentence because he voluntarily waived his rights regarding removal, he is a deportable alien who is ineligible for some prison programs, and he and his family will be subjected to severe collateral consequences and hardships when he is removed.

Movant's claim for a reduction of his sentence is not cognizable under § 2255. He does not

3

present a constitutional or jurisdictional ground or raise a claim of an error that could not have been raised on appeal and would result in a complete miscarriage of justice. *See United States v. Capua*, 656 F.2d at 1037. To the extent that he is alleging error in the application of the United States Sentencing Guidelines, he has not identified any error. Moreover, any such claims of error would not be cognizable under § 2255. *See United States v. Faubion*, 19 F.3d 226, 232 (5th Cir. 1994) (defendant's claim that district court erred in making upward departure under Sentencing Guidelines could not be considered in § 2255 proceeding); *United States v. Payne*, 99 F.3d 1273, 1281–82 (5th Cir. 1996) ("A district court's technical application of the Guidelines does not rise to a constitutional issue."); *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995) ("A district court's calculation under or application of the sentencing guidelines standing alone is not the type of error cognizable under section 2255."). Movant has presented no basis for relief under § 2255.

## IV. EVIDENTIARY HEARING

No evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Here, the record conclusively shows that Movant is entitled to no relief, so no hearing is required.

## V. RECOMMENDATION

The *Motion to Vacate, Set Aside, or Correct Sentence* pursuant to 28 U.S.C. § 2255 should be **DENIED** with prejudice.

**SO RECOMMENDED** this 5th day of June, 2017.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE